———————o———————

No. 3240.

(Court of Appeal, Parish of Orleans.)

SUCCESSION OF MISSES A. F., A. A. AND M. SOUTRA vs MRS. WIDOW CASPAR ARMHEIM.

1. In making an assessment the assessor is not required to follow the description of property as made in the act of sale. It answers the law if the assessment was made by a description sufficient to identify the property and not to mislead the owner.

2. Art. 233 of the Constitution of 1898 declares that no sale of property for taxes made prior to the adoption of the Constitution shall be set aside for any cause, except on proof of dual assessment, or the antecedent payment of taxes, unless the proceeding to annul is instituted within three years from the adoption of the Constitution.

3.. That provision of the Constitution was intended to have the effect of a statute of repose; hence after the lapse of three years from the adoption of the Constitution, the party in possession under his tax title, which has been duly recorded, can not be disturbed except for the two causes mentioned.

Appeal from Civil District Court, Division C.

Cunningham & Cunningham, for Plaintiff and Appellant.

Geo. C. Walshe, for Defendant.

A. Voorhies, for Gus. V. Soniat, Warrantor.

MOORE, J.   This is an appeal by the plaintiff in a petitory action from a judgment rejecting its demand.

The facts are that the Misses Soutra, now deceased, and whose succession is administrated by the Public Administrator, were the former owners of a piece of ground in the third district of the City of New Orleans on the right or City side of Gentilly Road, having a front of two arpents on said road by a depth of twenty arpents. Gentilly Road is some twenty miles in length and is bordered on either side by marsh, swamps and some high land.   To the right of the road lies the City of New Orleans; to the left, Lake Pontchartrain.   The tracts lying on either side of the road, though within the City limits, have never been subdivided into City blocks nor laid out into wards or streets.   The entire tract is known only by the designation of "Gentilly Road."   So much of the property which lies on the City side is designated as on the right side of Gentilly Road and so much of the property on the Lake side is designated as on the left side of Gentilly Road.

In the year 1859 a plan of Gentilly Road was made by L. H. Pilie, late surveyor, and was deposited in the office of E. Bouny, late notary, by which plan both sides of the Gentilly Road are laid off in lots of one arpent front by twenty arpents in depth, each lot being numbered in order from one to thirty-seven.   On that plan the Soutra property, involved herein, is described as lots 26 and 28, each of one arpent front.

The Soutras acquired this property in 1865, and included two other tracts which are not involved in this suit and which are situated on the other side of Gentilly Road, the description in their title deed is as follows.   "Four tracts of land on the Gentilly Road or Bayou Sauvage in the rear of the Third District Nos. 25 and 27 on one side of said Bayou or Road and 26 and 28 on the other side and measuring in French measurement one arpent in front on said Road or Bayou by a depth of twenty arpents each.   The whole as per plan of L H Pilie, Surveyor, 7th May, 1859."

Defendant's title has for its origin a tax deed.   The property was assessed in 1882 and 1883 as against its then owners, the Soutras, for State taxes.   The Soutras having defaulted in the payment of the taxes, the property was thereupon sold in 1885 by the State and was adjudicated to herself in default of other bidders.   The proper notarial acts of sale were made and duly recorded in the proper Conveyance Office.

Subsequently, to-wit on the 9th day of October, 1889, the State, acting under the provisions of Act No. 80 of 1888, sold the property to one E. J. Rodriguez by notarial act which was duly recorded on the day of its execution (9th of October, 1889).   On the 4th of February, 1899, Rodriquez sold the property to the defend-

ant, who, as well as her author, Rodriguez, were from the moment of their respective acquisitions, in actual open and undisturbed possession of the property.

When, however, the property was assessed for taxes in 1882 and 1883; advertised for sale for non-payment of taxes, and finally adjudicated to the State in 1885, it was under the following description:

"Lot 18 measuring two arpents front on Gentilly Road, right side by twenty arpents in depth"; and this description was followed in the sale from the State to Rodriguez and from the latter to the instant defendant. Based upon the contention, substantially, that the assessment of the property in 1882 and 1883 did not describe the property with such sufficiency as to enable its identification, a sufficient description of the property being an indispensable prerequisite to the exercising of the taxing power; that there can be no sale without a thing; that there is no thing when the thing sold is not known or cannot be identified by description given in the act of sale; that the description of the property in question as "lot 18 measuring two arpents front on Gentilly Road, right side by twenty arpents in depth," not conforming to the title of the then owner was no description at all, or one which if it was not intended to deceive was at least such as to preclude the owner from ascertaining from the assessment roll that the tax charged against him has been assessed upon his land and not upon that of another, and that hence the assessment as well as the subsequent several adjudications are absolute nullities and beyond the healing powers forever of the curative statute of 1888 Act 80, and the repose assured by Art. 233 of the Constitution, which latter is specially pleaded by the defendant against this assault upon her title.

Pretermitting the question whether, in view of the fact that the instant suit was instituted more than three years after the adoption of the Constitution, the plaintiff, who is out of possession, can be heard to urge against the defendant who is in possession through herself and her authors since 1885 under a tax title, duly recorded, any other cause for setting aside the adverse tax title save that of dual assessment or the antecedent payment of taxes, neither of which are urged here, we will nevertheless pass upon the question as to the sufficiency of the description of the property in controversy and at once say that, in our opinion, it is amply sufficient.

It is conclusively shown that the Soutras owned but this one property on the right side of Gentilly Road. Its location was well known by all those who owned property or had business in that locality. All the property on the right side of Gentilly Road is shown to have been contained on one page of the assessment rolls, and numbered numerically from one up, from one end of the road to the other, with the names of the respective owners, and numbered consecutively, by the assessor irrespective of the particular frontage of each proprietor. In this way the property of the Soutras was designated on the rolls as "lot No. 18 measuring two ar-

101

pents front on Gentilly Road, right side, by twenty arpents in depth-"

Rodriguez, when he acquired the property from the State, found no difficulty in taking possession of the property from any lack of description, nor indeed did the plaintifff the administrator of the Soutras, have any difficulty in identifying this same property under its alleged defective or insufficient description as the property once owned by the Soutras and which it is claimed is still the property of the Soutras.

In making an assessment, the assessor is not required to follow the description of property as made in the act of sale by which it was acquired, 52 A. 380. It answers the law if the assessment was made by a description sufficient to identify the property and not to mislead the owner. In Mier vs Howcott, No. 3181 of the docket of this Court, decided May 4, 1903, we had occasion to examine a similar question as is here presented. The description in the title deed read as follows:

Thirteen lots of ground in the Third District of this City in the square bounded by Urquhart, Morales, Reynes and Forstall streets, and designated by the numbers from 1 to 13 inclusive, the said lots form the whole of that portion of the said square which is designated by the number 18 on the said plan and measured together 71 feet 6 inches front on each of Urquhart and Morales streets by a depth and front on Forstall street of 341 feet, 9 inches and 5 lines". The plan referred to is by De Armas, Civil Engineer, of certain lots and squares belonging to the vendor. The defendant's tax title described the property as follows :

Certain lots of ground and improvements thereon in the 3rd. district of the City of New Orleans designated as lots No. 7 to 19, in square No. 459, bounded by Forstall, Reynes, Morales and Urquhart, said lots No. 7 to 19 measuring 345 feet front on Forstall street by 71 feet in depth."

It was shown that the claimant owned no other property in the square described and the description was held sufficient and numer. ous authorities of the Supreme Court were cited to sustain the view we then took and which we now adhere to.

Considering therefore that the description of the property in the instant cause on the assessment rolls was amply sufficient to identify the property and that hence the assessment and subsequent adjudications of the property were not absolute nullities, and that Article 233 of the Constitution is a bar to the plaintiff's right or recovery, the judgment appealed from, which rejected plaintiff's demand, is affirmed.

Judgment affirmed.